## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

_____

| | | |
|---|---|---|
| HERMAN L. NITZ, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 11-CV-2065** |
| | ) | |
| NURSE MICHELLE BELL, NURSE | ) | |
| PEARSON, and NURSE PIATT, | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION

This case is before the court for ruling on various pro se Motions filed by Plaintiff, Herman L. Nitz.  Following a careful review of Plaintiff's Motions and Defendants' Responses, this court rules as follows: (1) Plaintiff's Second Motion to Compel (#64) is DENIED as moot; (2) Plaintiff's Motion for Subpoenas (#67) is DENIED; (3) Plaintiff's Motion for Non-Defendants to Produce Documents (#68) is DENIED as moot; (4) Plaintiff's Motion to Amend Civil Rights Complaint (#70) is GRANTED; (5) Plaintiff's Motion for Summary Judgment (#71) is DENIED; (6) Plaintiff's Motion for Declaratory Relief, Injunction, Temporary Restraining Order or Appointment of Counsel (#73) did not request relief which could be awarded against any of the named Defendants and is therefore DENIED; and (7) Plaintiff's Motion for Leave to File Petition for Mandamus Relief for Recusal of Judge and Change of Venue (#81) is DENIED.  In addition, Defendants' Motion for Extension of Time to Complete Discovery (#69) is GRANTED.  Defendants' discovery responses provided to Plaintiff on March 23, 2012, are therefore timely.

# BACKGROUND[1]

On March 2, 2011, Plaintiff filed a pro se Complaint (#1) against numerous named defendants. On March 29, 2011, a merit review hearing was held. This court directed Plaintiff to file an Amended Complaint as to issues that occurred at Danville Correctional Center only and allowed Plaintiff until May 6, 2011, to file the Amended Complaint.

On April 8, 2011, Plaintiff filed his Amended Complaint (#17). Plaintiff again named numerous defendants and included numerous claims. On May 12, 2011, this court held a merit review hearing and entered a merit review text order. This court found that Plaintiff had alleged a claim under the Eighth Amendment for deliberate indifference to his serious medical needs due to the alleged failure of Defendants Linda Piatt, RN, Elicia Pearson, LPN, and Michelle Bell, LPN, to provide insulin for his diabetes. The other defendants named by Plaintiff were dismissed as defendants. This court stated that "[a]ny other claims not specifically set forth in this order shall not be included in the case, except at the court's discretion on motion by a party for good cause shown at the final pretrial conference, or by leave of court pursuant to Federal Rule of Civil Procedure 15." On May 13, 2011, this court entered a text order and denied Plaintiff's Motion for Appointment of Counsel (#3), finding that Plaintiff had not made reasonable attempts to retain an attorney on his own. On May 20, 2011, Plaintiff filed another Motion for Appointment of Counsel (#19) which was denied on May 26, 2011.

---

[1] This court notes that Plaintiff is a prolific filer and has filed numerous lengthy documents and exhibits in this case. This court is not attempting to include or summarize all of Plaintiff's filings but instead has included a discussion of the documents necessary for an understanding of the history and current procedural posture of this case.

Defendants entered their appearance and filed an Answer to Plaintiff's Amended Complaint (#38) on August 23, 2011. Defendants denied that any act or omission on their part constituted deliberate indifference to a serious medical need. On September 1, 2011, Plaintiff filed a document entitled "Request for Leave to File pro se Plaintiff's Motion to Compel Discovery Combined with Request for Preliminary Injunction & Protective Order and Request for Appointment of Counsel (#39). In this filing, Plaintiff asked this court to appoint counsel to assist him in conducting discovery, including deposing Defendants. Plaintiff also asked this court to compel production of a lengthy list of items. Plaintiff also requested various other forms of relief related to documents and his treatment at Danville Correctional Center. On September 22, 2011, Defendants filed a Response to Plaintiff's Motion for Preliminary Injunction and Protective Order (#40). Defendants stated that it appeared that Plaintiff was seeking to begin the discovery process by filing a Motion to Compel. Defendants argued that Plaintiff's Motion to Compel was premature because Plaintiff had not propounded any discovery requests upon Defendants prior to filing a Motion to Compel. Defendants stated, however, that they were treating Plaintiff's request for documents in his Motion as a Request for Production under Rule 34 of the Federal Rules of Civil Procedure. Defendants further stated that Plaintiff had not shown that he was entitled to injunctive relief. Defendants also filed a Motion for Protective Order (HIPAA Qualified Protective Order) (#41).

On October 13, 2011, this court entered an Order (#43). This court first informed Plaintiff that, for each action he sought from the court, he must file a separate motion. This

court then stated that, because Plaintiff did not follow the appropriate discovery procedures, his motion to compel (#39) was denied. This court then explained:

> Because Plaintiff is incarcerated, he is limited to written discovery. Plaintiff may request a copy of his medical records from the Medical Director at his place of incarceration. He needs to let the Director know the records [that] are needed for litigation. Medical records cannot be requested through the Freedom of Information Act. If Plaintiff does not have funds in his trust fund to cover the copy costs, the costs will be charged against his trust fund and taken from any future deposits into his trust fund. If he needs medical records from sources other than the Illinois Department of Correction[s], Plaintiff is responsible for the costs. Further, as the Defendants are represented by an attorney, Plaintiff does not need the personal addresses and phone numbers of Defendants. Plaintiff is reminded that discovery requests are not filed with the court, unless there is a dispute regarding such discovery.

This court also denied Plaintiff's request for injunctive relief and Plaintiff's renewed request for the appointment of counsel. This court granted Defendants' Motion for a HIPAA Qualified Protective Order (#41). Defendants' proposed Order (#44) was therefore entered. The Order (#44) provided that "Plaintiff's medical records shall be released to the attorneys

of record in this litigation upon request of said attorneys." The Order also provided for the protection of Plaintiff's health information.

On November 22, 2011, a scheduling conference was held by telephone. Plaintiff and Defendants' counsel participated in the conference. This court then entered a Case Management Order (#52). The Order set a deadline of February 1, 2012, to join other parties or amend the pleadings, set deadlines for identifying experts, and set a deadline of April 30, 2012, to complete fact discovery. The Order stated that the parties had until June 30, 2012, to file dispositive motions. The case was set for a final pretrial conference on October 5, 2012, at 11:00 a.m., and a jury trial on October 15, 2012, at 9:00 a.m.

On December 14, 2011, Plaintiff filed another Motion for Appointment of Counsel (#57) with a Memorandum in Support (#58). Plaintiff also filed a Request for 5 Subpoena Forms (#59). On December 21, 2011, this court entered a text order. This court stated that Rule 45.1 of the Local Rules of the Central District of Illinois provides that in a civil case, the clerk must not issue blank subpoenas to a pro se party except upon order of the judge to whom the case is assigned. This court further stated that, under Local Rule 45.2, a pro se litigant may move the court, either orally or in writing, to issue a subpoena for specific witnesses or documents. This court stated that the pro se litigant must present the court orally or in writing with a statement of what relevant information the documents contain or the person to be subpoenaed possesses.

On January 12, 2012, Plaintiff filed a Request for Status of Motion for Appointment of Counsel (#61). Plaintiff complained that Defendants had not adequately responded to his

written discovery requests. Plaintiff also stated that he had contacted three law firms regarding representation and none of the firms had responded. Plaintiff again asked this court to appoint counsel to represent him. Plaintiff attached copies of his letter to the law firms, Defendants' responses to his discovery requests, and copies of letters Plaintiff wrote to Defendants' attorney and Defendants' attorney's response. On January 13, 2012, Defendants filed their Response to Plaintiff's Motion for Appointment of Counsel (#62). Defendants stated that Plaintiff appeared to be asserting that Defendants were not cooperating with discovery. Defendants attached a copy of Defendant Bell's Response to Plaintiff's First Set of Interrogatories. Defendants stated that Bell had complied with the Federal Rules of Civil Procedure in responding to the Interrogatories. Defendants argued that their alleged lack of cooperation in discovery was not grounds for appointment of counsel.

On January 19, 2012, this court entered a text order. This court denied Plaintiff's Motion for Appointment of Counsel (#57), agreeing with Defendants that Defendant Bell had responded to Plaintiff's Interrogatories in compliance with the Federal Rules of Civil Procedure so that Defendants' alleged lack of cooperation in discovery was not grounds for appointment of counsel. This court stated that, furthermore, a motion to compel was the appropriate route to deal with failure to cooperate with discovery, not a motion for appointment of counsel. This court stated that it was too early in the case to make a determination whether Plaintiff's claim was sufficiently meritorious such that appointing counsel would make a difference in the case. This court also stated that "a review of

documents filed by the plaintiff shows that he is competent to proceed with the litigation in this case and waiting to appoint an attorney until after summary judgment is not an abuse of discretion where the plaintiff [is] able to competently file motions and legal arguments." This court then concluded that Plaintiff's Motion (#61) had been rendered moot.

On January 25, 2012, Plaintiff filed a document entitled "Second Motion to Compel Discovery" (#64).  Plaintiff asked this court for an order compelling Defendants to produce the documents he requested as well as an order compelling Defendant Bell to answer unanswered Interrogatories. Plaintiff stated that he has alleged that "Defendants denied him insulin for his diabetes for 30 or more days and also refused to call the Doctor to get insulin for Plaintiff despite the fact that Plaintiff's blood sugar was abnormally high and caused cellulitis in Plaintiff's left foot requiring him to be hospitalized for 7 to 10 days in prison infirmary."  Plaintiff stated that he had requested documents relevant to his claim, including "his medical records, grievances and responses to appeals of same grievances, incident reports and other records describing locations of defendants on dates of alleged violations and list of defendants' job duties and responsibilities, policy statements for treatment of diabetics as well as answers to Interrogatories to Nurse Michelle Bell LPN."  Plaintiff attached copies of Defendants' discovery responses and copies of letters between Plaintiff and Defendants' attorney.  These exhibits included a letter Defendant's counsel wrote to Plaintiff on January 17, 2012.  He stated:

> My clients do not personally possess your medical records.  For
>
> my clients to receive your medical records, I had to subpoena

them. Your medical records are equally available to you through this process. All you have to do is request your medical records from the Illinois Department of Corrections.

Additionally, you take issue with my clients' responses regarding your grievances filed to the Illinois Department of Corrections. Again, my clients do not have personal possession of your grievance records. Those records are maintained by the Illinois Department of Corrections and are equally available to you through a request to IDOC.

Additionally, you take issue with Defendant Bell's responses to Interrogatories 2, 3, and 4. Defendant Bell has asserted she does not know the answers to your questions. You assert that she could find out the answers. However, under the Federal Rules of Civil Procedure, Ms. Bell is not required to seek out information in order to answer your interrogatories. In other words, your interrogatories are questions as to Ms. Bell's personal knowledge. She does not have the knowledge to answer your interrogatories.

Defendants' counsel also explained to Plaintiff that much of the information he was seeking would be included in his medical records, which were available to him through the Illinois Department of Corrections.

On January 27, 2012, Plaintiff filed a Subpoena (#65) directed to the Illinois Department of Corrections seeking documents from 2009 to the present. On January 30, 2012, this court entered a text order and directed the clerk to strike the Subpoena. This court informed Plaintiff that he could receive most of the documents he was seeking through discovery and could request a copy of his medical records from the medical director at the Danville Correctional Center. This court stated that Plaintiff must not file subpoenas without an order of this court.

On January 31, 2012, Defendants filed a Response to Plaintiff's Request for Status of Motion for Appointment of Counsel (#66). Defendants stated that it appeared that Plaintiff believes that Defendants had a duty to "track down and find out" responses to his requests. Defendants stated that, under the Federal Rules of Civil Procedure, they have no such duty. Defendants stated that they have responded to Plaintiff's discovery requests as best they could based on their personal knowledge and the documentation which they personally possess. Defendants argued that, to the extent Plaintiff's motion was one to compel discovery responses, Plaintiff's motion should be denied.

On February 1, 2012, Plaintiff filed a Motion in Support of Requests for Subpoenas (#67). Plaintiff stated that Defendants had failed to produce certain documents such as medical records, grievances and appeal responses, incident reports on Defendants and other documents. Plaintiff stated that Defendants had informed him that they had obtained his medical records by subpoena and that the records were equally available to him. Plaintiff stated, however, that this court had refused to order the issuance of subpoenas. Plaintiff

asserted that he had no other way to obtain the documents so he needed subpoenas from the clerk and court. Plaintiff asked for five subpoena forms.

On February 8, 2012, Plaintiff filed a Motion to Request Non-defendants, Corporations, Officials, Entities or Non-entities to Produce Documents for Inspection and Copying (#68). In this Motion, Plaintiff stated that he needed various documents, including his medical and mental records, to be provided to him by the Illinois Department of Corrections, Wexford Health Sources, Inc. and the Bantry Group, Wexford's parent corporation.

On February 17, 2012, Defendants filed a Motion for Extension of Time (#69). Defendants stated that Plaintiff had propounded a Request for Production of Documents, Requests to Admit and Interrogatories. Defendants stated that, due to the busy schedule of Defendants and their counsel, additional time was necessary in order to formulate appropriate responses. Defendants asked for a 30-day extension of time to respond to Plaintiff's discovery requests.

On February 21, 2012, Plaintiff filed a Motion to Amend Civil Rights Complaint (#70). Plaintiff asked to amend his complaint to add Mary Miller and Dr. Paul Talbot as defendants. Plaintiff stated that Miller and Talbot had refused to produce documents he requested. Plaintiff attached a copy of a Memorandum to Plaintiff from Mary Miller, dated February 10, 2012, which stated that the "Medical Records Supervisor followed the directives of IDOC and you were given the first 50 pages requested free and now you must pay the amount or you will not get the other pages." Plaintiff also attached copies of

numerous grievances he had filed, and the responses to the grievances. The attached grievances dealt with issues arising after the claims at issue in this case.

On March 1, 2012, Plaintiff filed a Motion for Summary Judgment or Partial Summary Judgment (#71). Plaintiff asked this court to grant him summary judgment or partial summary judgment as to liability against Defendants for deliberate indifference to Plaintiff's serious medical diabetic needs. Plaintiff filed a Brief (#72) in support of his Motion for Summary Judgment and attached numerous exhibits, including copies of medical records, Plaintiff's Declaration, dated March 1, 2012, and a Statement of Undisputed Facts. Plaintiff argued that the medical records he attached "prove there are no facts in dispute regarding Plaintiff's denial of medical care claim that he was subjected to cruel and unusual punishment due to deliberate indifference by Defendants to Plaintiff's serious diabetic medical needs claim as he was denied insulin for over 30 days while in punitive segregation at the Danville Correctional Center."

On March 8, 2012, Plaintiff filed a Motion for Declaratory Relief, Injunction, Temporary Restraining Order or Appointment of Counsel (#73). Plaintiff stated that he filed his Motion for Summary Judgment and "attempted to file medical records as exhibits (over 50 pages)." Plaintiff stated that Elizabeth Robson, the Law Library Supervisor at Danville Correctional Center, messed up the exhibits and caused pages to be missing from the exhibits filed in support of the Motion for Summary Judgment. In his Motion, Plaintiff again requested appointment of counsel and also requested that all medical records lost or destroyed by acts of Robson be returned to him and that proceedings on his Motion for

Summary Judgment be stayed until the relevant records could be filed with this court. Plaintiff also asked this court to issue declaratory relief stating that Plaintiff has a right of access to the court without interference by Defendants or their agents. Plaintiff attached supporting documentation including a copy of a grievance he filed on March 2, 2012, regarding his problems with the medical records he wanted to file as exhibits with his Motion for Summary Judgment and declarations by two other inmates at Danville Correctional Center, Ralph W. Mlaska and Thomas J. Pizano.

On March 23, 2012, Defendants filed certificates of service (#74, #75, #76) showing that they mailed to Plaintiff Answers to Interrogatories, a Response to Plaintiff's Request for Admissions, and a Response to Plaintiff's First Request for Production of Documents. On March 27, 2012, Defendants filed a Motion for an Extension of Time to File Responses to Plaintiff's Motion for Summary Judgment and Motion to Amend Complaint (#77). This court entered a text order and granted Defendants' Motion for an Extension of Time. Defendants were allowed until April 13, 2012, to respond to Plaintiff's Motions.

On March 30, 2012, Defendants filed a Response to Motion for Declaratory Relief, Injunction, Temporary Restraining Order and Appointment of Counsel (#78). Defendants stated that they did not work at the Correctional Center[2] and were not Illinois Department of Corrections employees. Defendants stated that, as such, declaratory relief, injunction, or temporary restraining order against them would be inappropriate. Defendants also stated that

---

[2] This court concludes that Defendants' statement that they did not work at the Robinson Correctional Center was a typographical error. There can be no real doubt that Defendants meant that they are not employees of the Danville Correctional Center.

Plaintiff's Motion did not show that he was entitled to injunctive relief and that an "injunction against these Defendants would be useless" as they "are not employees of the Illinois Department of Corrections and have no authority over the Illinois Department of Corrections employees who are currently maintaining custody of the Plaintiff." On April 3, 2012, Plaintiff filed a Reply to Defendants' Response (#80). Plaintiff stated that Defendants are physically present at Danville Correctional Center every day and other employees, such as Robson, "have engaged in a concerted effort to hinder and impede Plaintiff's efforts to gather evidence in discovery and impeded Plaintiff's effort to present evidence in his Motion for Summary Judgment."

On April 2, 2012, Defendants filed a Motion for Extension of Time to Complete Discovery (#79). Defendants stated that discovery was set to close on March 31, 2012. Defendants stated that the parties had completed written discovery in this matter but Defendants needed more time to schedule and take Plaintiff's deposition. Defendants asked for an extension to April 30, 2012, to complete discovery. This court granted the Motion by text order.[3]

On April 3, 2012, Plaintiff filed a document entitled "Leave to File Petition for Mandamus Relief for Recusal of Judge and Change of Venue" (#81). Plaintiff argued that this court has shown that it cannot be fair and impartial in this case and must recuse itself. Plaintiff argued that this court's rulings have shown "extreme unfairness" toward Plaintiff and "unmerited favor" toward Defendants. Plaintiff once again complained about his

---

[3] This court notes that the Case Management Order (#52) actually provided that the deadline for completing fact discovery was April 30, 2012.

problems with obtaining documents and alleged that this court had prevented him from gathering evidence in this case by failing to rule on his motions. Plaintiff stated, however, that Defendants produced some documents on March 23, 2012. Plaintiff argued that Defendants' late production of documents caused him to miss the February 1, 2012, deadline for adding or joining defendants or amending his complaint.

On April 13, 2012, Defendants filed their Response to Plaintiff's Motion for Summary Judgment (#83). Defendants responded to Plaintiff's Statement of Undisputed Facts and denied having refused to provide Plaintiff insulin as prescribed by a doctor at any relevant time. Defendants argued that the documentation Plaintiff attached to his Motion was not from the relevant time period and did not show that the injury to his big toe was related to the alleged denial of his insulin. Defendants asked this court to deny Plaintiff's Motion for Summary Judgment and allow for the completion of discovery.

Defendants also filed a Response to Plaintiff's Motion to Amend Civil Rights Complaint (#84). Defendants argued that the Motion should be denied because it was untimely, did not contain a copy of the proposed amended complaint and does not specify what claims he has against the proposed defendants.

On April 17, 2012, Plaintiff filed a Reply to Defendants' Response to his Motion for Summary Judgment (#85). Plaintiff again complained about Defendants' failure to provide him with documents and this court's failure to rule on his motions related to discovery. He said that he filed his Motion for Summary Judgment based on the only evidence he actually had. Plaintiff argued that his Motion "must be granted."

On April 20, 2012, Defendants filed a Response to Plaintiff's Motion for Mandamus Relief, Recusal of Judge, and Change of Venue (#86). Defendants argued that they have complied with all of Plaintiff's discovery requests in a timely manner and, as such, Plaintiff's argument that he has been prejudiced is baseless. Defendants stated that Plaintiff has apparently had copies of his medical records since May 2011 and has, in fact, filed exhibits with the court which he has asserted are copies of his medical records. Defendants also argued that Plaintiff has challenged this court's impartiality solely on the basis of this court's prior rulings in this case. Defendants pointed out that recusal is required only when a federal judge has a personal bias or prejudice concerning a party and further noted that the bias must arise from an extrajudicial source so that judicial rulings rarely present a valid basis to question a judge's impartiality. Defendants argued that Plaintiff has not presented a valid basis to question this court's impartiality from an extrajudicial source and cannot simply cite that fact that rulings have gone against him as a basis for his Motion. Defendants asked that Plaintiff's Motion for Recusal, Mandamus and Change of Venue be denied.

## ANALYSIS

This court will address the pending motions in the order they were filed.

## I. MOTION TO COMPEL

Defendants have asserted that they have complied with all of Plaintiff's discovery requests and Plaintiff has now conceded that he received documents from Defendants on March 23, 2012. Therefore, Plaintiff's Second Motion to Compel (#64) is DENIED as moot.

## II. MOTION FOR SUBPOENAS

This court denied Plaintiff's original request for subpoenas and carefully explained that, in order to grant such a request, Plaintiff would need to provide this court with a statement of what relevant information the documents contain or the person to be subpoenaed possesses. Plaintiff filed another Motion seeking subpoenas and did not provide the required information. Therefore, Plaintiff's Motion for Subpoenas (#67) is DENIED.

### III.  MOTION FOR NON-DEFENDANTS TO PRODUCE DOCUMENTS

Plaintiff also asked this court to order Non-defendants Illinois Department of Corrections, Wexford Health Sources, Inc. and the Bantry Group, Wexford's parent corporation, to provide him with documents. It appears, from recent filings in this case, that Plaintiff has now received the documents he was seeking. Accordingly, Plaintiff's Motion for Non-Defendants to Produce Documents (#68) is DENIED as moot.

### IV.  MOTION FOR EXTENSION OF TIME

On February 17, 2012, Defendants filed a Motion for Extension of Time (#69). Defendants stated that Plaintiff had propounded a Request for Production of Documents, Requests to Admit and Interrogatories. Defendants stated that, due to the busy schedule of Defendants and their counsel, additional time was necessary in order to formulate appropriate responses. Defendants asked for an extension of time to respond to Plaintiff's discovery requests. Defendants' Motion (#69) is GRANTED. Defendants' discovery responses provided to Plaintiff on March 23, 2012, are therefore timely.

### V.  MOTION TO AMEND COMPLAINT

Plaintiff has complained bitterly about his difficulties in obtaining, and keeping,

documents which are relevant to his claims in this case. Plaintiff has asked for an extension of time to file an amended complaint naming Dr. Paul Talbot and Mary Miller as defendants in this case. Plaintiff stated that Miller and Talbot had refused to produce documents he requested. This court concludes that this is not a valid basis for adding Miller and Talbot as defendants in this case. However, in his Motion For Mandamus Relief, for Recusal of Judge and Change of Venue (#81), Plaintiff has indicated that he may have a claim against Dr. Talbot based upon his failure to evaluate Plaintiff and provide Plaintiff with treatment for his diabetes.[4] Plaintiff claimed that the delay he encountered in gathering evidence prevented him from joining parties before the deadline of February 1, 2012.

After careful consideration of all of the filings in this case, and over Defendants' objection, this court will allow Plaintiff 30 days to file an Amended Complaint adding Dr. Paul Talbot as a defendant. This court reminds Plaintiff that any allegations against Dr. Talbot must relate to the same transaction and occurrence that has already been alleged in this case. Therefore, the allegations must relate to Plaintiff's claim that he was denied insulin for 30 days or more after he was transferred to Danville Correctional Center. Any unrelated claims against Dr. Talbot must be filed in a separate lawsuit.

For all of the reasons stated, Plaintiff's Motion to Amend Civil Rights Complaint (#70) is GRANTED. Plaintiff is allowed 30 days to file an Amended Complaint which adds

---

[4] Plaintiff has also claimed that he may have a cause of action against Talbot, Mary Miller, Wexford Health Services, Inc. and its parent company, Bantry Group, based on their alleged failure to comply with their contract with Danville Correctional Center. This court concludes that any such claim cannot be included in this case because the alleged failure to comply with the contract is not sufficient to show deliberate indifference to a serious medical need.

Dr. Paul Talbot as a defendant and solely includes facts and allegations related to his claim against Dr. Talbot. Any allegations against Dr. Talbot must relate to Plaintiff's claim that he was denied insulin for 30 days or more after he was transferred to Danville Correctional Center. This court has already concluded that Plaintiff has adequately stated a cause of actions against Defendants Bell, Pearson and Piatt and Plaintiff's claims against these defendants do not need to be repeated.

## VI. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In ruling on a motion for summary judgment, a district court "has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). In making this determination, the court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); Singer v. Raemisch, 593 F.3d 529, 533 (7th Cir. 2010).

This court additionally notes that it is very unusual for a motion for summary judgment to be granted in favor of a plaintiff. This is because the plaintiff has the burden of proof and must show that there is no material dispute of fact regarding any of the elements

of the plaintiff's cause of action, which is a difficult burden for a plaintiff to meet.  Powers v. Bd. of Trs. of Univ. of Ill., 2011 WL 577108, at *5 (C.D. Ill. 2011), citing Creative Trade Group, Inc. v. Int'l Trade Alliance, Inc., 2009 WL 3713345, at *6 (N.D. Ill. 2009); see also Frobose v. Am Sav. & Loan Ass'n of Danville, 152 F.3d 601, 615 (7th Cir. 1998) (recognizing that questions of intent and credibility make it difficult to grant summary judgment in favor of the party with the burden of proof).

PLAINTIFF'S MOTION

In order to prove his cause of action, Plaintiff must prove deliberate indifference to a serious medical need.  At a minimum, this requires "actual knowledge of impending harm" which is easily preventable "so that a conscious, culpable refusal to prevent harm can be inferred from the defendants' failure to prevent it."  Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir. 1997); quoting Duckworth v. Franzen, 780 F.2d 645, 653 (7th Cir. 1985).  Deliberate indifference is more than mere negligence and approaches intentional wrongdoing.  See Farmer v. Brennan, 511 U.S. 825, 835-36 (1994); Collignon v. Milwaukee County, 163 F.3d 982, 988 (7th Cir. 1998).  To establish deliberate indifference, Plaintiff must show that Defendants ignored a known risk.  See Collignon, 163 F.3d at 988.

Plaintiff claimed that the medical records he provided to this court "prove there are no facts in dispute" regarding his denial of medical care claim that he was subjected to cruel and unusual punishment due to deliberate indifference by Defendants.  Plaintiff argued that the records showed that he was denied insulin for over 30 days while in punitive segregation at the Danville Correctional Center.

This court agrees with Defendants that the medical records Plaintiff provided to this court do not show that there is no genuine issue of material fact regarding Plaintiff's claim. Plaintiff has claimed that Defendants failed to provide him with insulin during the time between his transfer to Danville Correctional Center, which Plaintiff has stated occurred on November 3, 2010, and his admission into the infirmary. The records show that Plaintiff has been diagnosed with diabetes and include copies of progress notes which show that Plaintiff was admitted to the infirmary on January 4, 2011, for treatment of his big toe, and was released from the infirmary on January 10, 2011. The records provided do not show that any of the Defendants failed to provide insulin to Plaintiff during the time between his transfer to Danville and his admission into the infirmary. Therefore, the medical records do not support Plaintiff's contention that he was denied insulin by Defendants during this time period. Accordingly, this is a disputed fact and this court agrees with Defendants that Plaintiff's Motion for Summary Judgment must be denied. This court recognizes that Plaintiff stated in his Reply that these are the only records he had at the time. However, that does not mean that Plaintiff is entitled to summary judgment in this case.

This court notes that the dispositive motion deadline has not yet passed and Plaintiff is not precluded from filing another Motion for Summary Judgment with additional exhibits. However, Plaintiff has not shown that he is entitled to summary judgment at this time and Plaintiff's Motion for Summary Judgment (#71) is DENIED.

### VII.  MOTION FOR DECLARATORY AND INJUNCTIVE RELIEF

In this Motion, Plaintiff appears to be seeking relief related to the actions of Elizabeth

Robson, the Law Library Supervisor at the Danville Correctional Center. Plaintiff stated that Robson messed up his exhibits when he filed his Motion for Summary Judgment. Plaintiff asked this court to appoint counsel to represent him, to order all documents that were lost or destroyed by Robson to be returned to him, to stay ruling on the Motion for Summary Judgment until the relevant documents could be filed with the court, and to declare that he has a right of access to the courts. Defendants have accurately pointed out that they are not employees of the Danville Correctional Center and that, as such, declaratory relief, injunction, or temporary restraining order against them would be inappropriate. Defendants also stated that Plaintiff's Motion did not show that he was entitled to injunctive relief and that an "injunction against these Defendants would be useless" as they "are not employees of the Illinois Department of Corrections and have no authority over the Illinois Department of Corrections employees who are currently maintaining custody of the Plaintiff." This court agrees with Defendants that Plaintiff has not requested any injunctive or declaratory relief that could appropriately be awarded against these Defendants.

Because Plaintiff did not request relief which could be awarded against any of the named Defendants, his Motion (#73) is DENIED.

VIII. MOTION FOR MANDAMUS, RECUSAL AND CHANGE OF VENUE

This court has no bias against Plaintiff and has been fair and impartial in its rulings in this case. Further, this court agrees with Defendants that Plaintiff has not presented a valid basis to question this court's impartiality from an extrajudicial source and cannot simply cite the fact that some rulings have gone against him as a basis for his Motion. Therefore,

Plaintiff's Motion for Recusal, Mandamus and Change of Venue (#81) is DENIED.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiff's Second Motion to Compel (#64) is DENIED as moot.

(2) Plaintiff's Motion for Subpoenas (#67) is DENIED.

(3) Plaintiff's Motion for Non-Defendants to Produce Documents (#68) is DENIED as moot.

(4) Defendants' Motion for Extension of Time to Complete Discovery (#69) is GRANTED. Defendants' discovery responses provided to Plaintiff on March 23, 2012, are therefore timely.

(5) Plaintiff's Motion to Amend Civil Rights Complaint (#70) is GRANTED. Plaintiff is allowed 30 days to file an Amended Complaint which adds Dr. Paul Talbot as a defendant and solely includes facts and allegations related to his claim against Dr. Talbot. Any allegations against Dr. Talbot must relate to Plaintiff's claim that he was denied insulin for 30 days or more after he was transferred to Danville Correctional Center. This court has already concluded that Plaintiff has adequately stated a cause of action against Defendants Bell, Pearson and Piatt and Plaintiff's claims against these defendants do not need to be repeated.

(6) Plaintiff's Motion for Summary Judgment (#71) is DENIED.

(7) Plaintiff's Motion for Declaratory Relief, Injunction, Temporary Restraining Order or Appointment of Counsel (#73) did not request relief which could be awarded against any of the named Defendants and is therefore DENIED.

(8) Plaintiff's Motion for Leave to File Petition for Mandamus Relief for Recusal of Judge and Change of Venue (#81) is DENIED.

(9) This case remains scheduled for a final pretrial conference on October 5, 2012, at 11:00 a.m., and a jury trial on October 15, 2012, at 9:00 a.m. The dispositive motion deadline is June 30, 2012.

ENTERED this 27th day of April, 2012

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
U.S. DISTRICT JUDGE